[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15077
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cv-80018-RLR

MARYANN SILVESTRI,

Plaintiff-Appellant,

versus

JUPITER INLET COLONY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Maryann Silvestri appeals from the district court's grant of summary

judgment in favor of the town of Jupiter Inlet Colony (the "Town") in her

employment discrimination suit alleging gender discrimination, raised pursuant to

42 U.S.C. § 1983. Silvestri essentially argues that (1) the district court applied the incorrect standard for a prima facie case of discrimination, and its finding regarding pretext was not factually and legally supported in any event, and (2) she adequately presented evidence giving rise to an inference that the Town terminated her because of her gender. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo. Rojas v. Florida, 285 F.3d 1339, 1341 (11th Cir. 2002). Additionally, we may affirm on any legal ground, regardless of the grounds relied on by the district court. Cuddeback v. Florida Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004).

When a plaintiff attempts to prove intentional discrimination using circumstantial evidence, we apply the burden shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Schoenfeld v. Babbitt, 168 F.3d 1257, 1267 (11th Cir. 1999). Under McDonnell Douglas, the plaintiff has the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. If the plaintiff does so and the employer articulates a legitimate, non-discriminatory reason for its action, then the plaintiff must show that the proffered reason is really a pretext for unlawful discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). The ultimate burden of persuasion remains with the plaintiff at all times. Id.

Pursuant to the third step of McDonnell Douglas, if the employee does not proffer sufficient evidence to create a genuine issue of material fact regarding whether the employer's stated reasons are pretextual, then the employer is entitled to summary judgment on the employee's claim.  Chapman v. AI Transp., 229 F.3d 1012, 1024-25 (11th Cir. 2000) (en banc).  In order for the employee to prove that a reason is a pretext for discrimination, the employee must show that the employer's asserted reason is false, and that discrimination was the real reason.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).

Provided that a proffered reason is one that might motivate a reasonable employer, an employee must meet that reason "head on" and rebut it.  Chapman, 229 F.3d at 1030.  The employee cannot succeed by simply quarreling with the wisdom of that reason.  Id.  Rather, the employee must show such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.  Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997).  The court should, however, be careful not to allow plaintiffs to simply litigate whether they are, in fact, good employees.  Rojas, 285 F.3d at 1342. Moreover, a stray remark, isolated and unrelated to the challenged employment decision, standing alone, is insufficient to establish a material fact on pretext.  See id. at 1342-43.

3

Establishing the elements of the McDonnell Douglas framework is not an essential requirement for a plaintiff to survive summary judgment. See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011).  Rather, the plaintiff will always survive summary judgment if she presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent.  Id.  However, a mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment.  Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004); see also Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1092 (11th Cir. 2004).

Here, even if we render it unnecessary to identify a particular prima facie formulation -- by assuming arguendo that Silvestri made out her prima facie case -- we conclude that she failed to show that the Town's reasons for her termination were pretextual.  An employee must take the employer's stated reasons "head on" and rebut them.  Chapman, 229 F.3d at 1030.  Rather than disputing the evidence or the reasons given by the Town, Silvestri instead argued that the Town gave changing reasons for her termination.  However, the record reveals that the Town provided consistent reasons for her termination -- both initially and in her termination letter.  Further, Silvestri failed to rebut the Town's evidence supporting its reasons for termination, or the mayor's personnel investigation report.  In considering Silvestri's argument that she was a good officer, we do not allow

plaintiffs to simply litigate whether they are, in fact, good employees. Rojas, 285 F.3d at 1342.

As for Silvestri's reliance on an alleged pre-hiring comment by the mayor which referenced gender, that comment, standing alone, is insufficient to establish pretext. See id. at 1342-43 (holding that supervisor's statement to another employee, not the plaintiff, that the other employee did not deserve her job because she was a woman was insufficient to show pretext for the plaintiff). As the record here shows, the mayor made his alleged comment before the Town hired Silvestri, and the comment was not about Silvestri in particular. As a result, Silvestri did not demonstrate that the Town's basis for termination was pretextual.

Finally, independent of any burden-shifting framework, Silvestri failed to present evidence giving rise to an inference that the Town intentionally fired her due to her gender. As we've noted above, the Town did not provide changing reasons for her termination. Moreover, Silvestri did not dispute many key statements of material fact relevant to the mayor's decision to terminate her on non-discriminatory grounds. And once again, the mayor's pre-hiring statement, even if true, was a "stray remark" and too attenuated to defeat summary judgement. See Young, 358 F.3d at 860 ("A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment.").

**AFFIRMED**.